## GEORGE LAWRENCE vs. JAMES KIMBALL.

Where a collector of taxes died, leaving the tax of A. uncancelled on the tax list, and apparently unpaid, and the assessors committed said list to another person for collection, who took and sold A.'s property to pay said tax, and A. brought an action against one of the assessors to recover damages for such taking and sale, on the ground that said tax had been in fact paid to the deceased collector ; it was held that the deceased collector's admissions, in conversation with third persons, that said tax had been paid, were not admissible in evidence.

TRESPASS *de bonis asportatis*. The defendant justified as an assessor of the town of Littleton. It appeared, at the trial before the chief justice, that taxes were duly assessed upon the plaintiff, by the assessors of said town, for the year 1831 and the five following years, and that tax lists were, during each of those years, duly committed for collection to Augustus Wright, who was duly elected and qualified in each of the years aforesaid as collector of taxes for said town : That said Wright died on the 26th of June, 1837, and that all said taxes against the plaintiff remained on said tax lists apparently unpaid : That said Wright's administrator delivered said tax lists to the assessors of said town for the year 1837, of whom the defendant was one, and that they, on the 16th of October in that year, committed the same, by their warrant in due form of law, to L. White, and in said warrant ordered him to complete the collection thereof : That said White, after a fruitless demand on the plaintiff for payment, took the property mentioned in the plaintiff's writ, by virtue of said warrant, and sold the same at public vendue for the payment of said taxes and costs.

The ground on which the plaintiff relied to support his action was this : That said taxes had in fact been paid to said Wright, the deceased collector, and therefore that said assessors had no authority, under the Rev. Sts. *c*. 8, § 39, to commit them to another collector. In order to prove such payment, the plaintiff offered the testimony which is hereafter mentioned in the opinion of the court. That testimony was rejected by the chief justice, and the plaintiff submitted to a nonsuit, which was to be

set aside, if in the opinion of the court it ought to have been received, and if the action be maintainable.

*B. Russell*, for the plaintiff.

*Nelson*, for the defendant.

SHAW, C. J.   It is provided by the Rev. Sts. *c.* 8, § 39, that if any collector shall die before completing his collection of any tax, the assessors may appoint some suitable person to complete the collection, and may commit the same tax list to him, with their warrant accordingly, who shall have the same powers, &c.   Sect. 41 directs that upon the death of any collector, it shall be the duty of his executors or administrators to deliver his unsettled tax lists to the assessors.

In this case, it appears that taxes in the town of Littleton were assessed on the plaintiff for the years 1831 to 1837, inclusive, and that the lists were committed to Augustus Wright for collection, who died on the 26th June, 1837.   His tax lists, with the taxes aforesaid, assessed to the plaintiff, borne on said lists, uncancelled and apparently uncollected, were delivered by the administrator of Wright to the assessors of Littleton for 1837, of whom the defendant was one.   In October of the same year, the assessors issued the lists, with a warrant to collect the same, to one White, who, after demand and neglect of payment, took the articles mentioned in the plaintiff's writ, and sold them according to law.   No complaint is made of the regularity of the proceedings.   That taking was the trespass complained of in this action.

A preliminary question was made, whether in any event an action of trespass would lie against the assessors or one of them, acting in their official capacity, under a mistake of the fact, and without malice.   This being a mere question of law, it was decided, *pro forma*, for the plaintiff, in order to proceed to a trial of the fact ; and it is mentioned now, merely to prevent the conclusion that that question is to be considered as settled by this case.

In order to maintain the action of trespass, the plaintiff proposed to show that the whole or a part of the said taxes had been paid to the deceased collector, Wright, in his lifetime,

and therefore, as to them, the collection was completed before the death of the collector ; that the assessors had no authority to commit the same taxes to another collector ; that the warrant to collect was not authorized by law ; that it was an illegal command, and that the act done under it was a trespass.

Supposing, for the purposes of the argument, that the plaintiff is right in all other respects, in the grounds of his case, the question is, whether the evidence, offered to prove it, was competent. The plaintiff offered to prove by the testimony of several witnesses, that Wright, the former collector, had at different times, in the course of conversation, admitted to various persons, that he had received, by town orders, payment of the plaintiff's taxes ; but he did not offer to prove that these taxes had been cancelled on the tax bills, or receipted for, or that any formal acknowledgment had been made by Wright, the collector, *to the plaintiff*, that his taxes had been paid, cancelled or discharged.

The first and obvious objection to the evidence offered is, that it is hearsay ; that it is an offer to prove a fact, by proof of the assertion of another that it was done. It seems to be conceded by the plaintiff's counsel, that this would be decisive, unless the case is within some of the exceptions to the rule which excludes hearsay ; and the attempt is to bring it within such exception, as an admission of one by whose admissions the defendant is bound. It is argued, that there is a privity of interest between the former collector, Wright, and the assessors, of whom the defendant is one, because their authority to act depended upon the act or omission of such collector ; and that he stood towards them in the relation of an agent.

It is not easy to perceive this relation of agent between the deceased collector and the assessors, both acting as public officers, in their respective spheres ; but if it were more obvious, it would not be applicable, unless it were shown that the declarations, relied upon as admissions, were made in the exercise, as well as within the scope, of his authority. Declarations made by an agent, after his agency has ceased, or not made in connexion with the actual exercise of his authority, are not evi-

dence against his principal. *Fairlie* v. *Hastings*, 10 Ves. 123. *Bauerman* v. *Radenius*, 7 T. R. 663. *Framingham Manufacturing Co.* v. *Barnard*, 2 Pick. 532. If after the determination of the agency, the agent knows facts material to the acts done during its existence, he is a competent witness, and may be examined. If he be dead, it is the common case of the loss of evidence by a witness's death ; but this affords no ground for letting in his declarations, if not otherwise admissible, against his principal, as admissions.

But we think the true way of considering the character and authority of the deceased collector is, to regard him. as he was, an officer fully authorized to collect these taxes. If he did in fact collect them, it was an act which might be proved by any competent evidence, and by any person having occasion to prove it. If the collector had cancelled the plaintiff's tax, on his tax list, or given a receipt, it would have been an act done within the scope, and in the actual execution, of his authority, and would be evidence of the fact to be proved. So if the party liable to the tax delivered money or town orders to the collector in presence of a third person, and at the same time the collector said, that the money or orders were received in payment of taxes, such declaration would qualify the act, and show on what account they were received ; and, as *res gestæ*, would be admissible. Any witness, called to prove the act of payment, might also prove such declaration, and it would not be objectionable as hearsay. But beyond this we think the evidence would not be competent.

It was argued that this was within another exception to the rule respecting hearsay, viz. that the admission was made by the collector, in a matter against his interest at the time, inasmuch as it rendered him liable to the town as for so much money collected. *Higham* v. *Ridgway*, 10 East, 109. But we think this has been confined wholly to the case of entries made in books, or other receipts, documents, or written memoranda, made by a person deceased, in relation to a matter contrary to his interest at the time, and which went to charge him with some debt or duty. 10 East, *ubi sup. De Rutzen* v. *Farr*, 4 Adolph. & Ellis, 53.

This distinction was taken and relied on, and made the ground of decision, in *Framingham Manufacturing Co.* v. *Barnard*, 2 Pick. 532. It was founded mainly on the consideration of the clearness and certainty of such written memoranda made by a party, against his interest, in contradistinction to the looseness and uncertainty of verbal statements, or even of letters. We think, upon a view of the authorities, that the evidence was not admissible on that ground. It was evidence of the statements of the collector, not in writing, made to third persons, in the course of casual conversation, and not in the exercise of his authority as collector. The court are therefore of opinion that the evidence was rightly rejected, and that judgment must be entered, on the nonsuit, for the defendant.